**Roger L. ALLISON, et al., Plaintiffs,**

v.

**John BLOCK, Secretary of Agriculture, et al., Defendants.**

**No. 82–4300–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

Dec. 8, 1982.

ORDER

SCOTT O. WRIGHT, District Judge.

*Introduction*

Plaintiffs have brought this action seeking declaratory and injunctive relief. Plaintiffs have received various farm loans from the federal government administered by the Farmers Home Administration (FmHA) and financed under the Consolidated Farm and Rural Development Act, Pub.L. No. 87–128, 75 Stat. 307 (codified as amended in scattered sections of Title 7 U.S.C.). Plaintiffs allege that defendants violated the Consolidated Farm and Rural Development Act and their procedural due process rights by failing to provide them notice of the loan deferral relief provided by a 1978 amendment to the Consolidated Farm and Rural Development Act entitled "Loan moratorium and policy on foreclosures." 7 U.S.C. § 1981a (1982 Supp.).[1] Plaintiffs further allege that the FmHA's failure to establish regulations implementing 7 U.S.C. § 1981a violated both the Act and their due process rights. Plaintiffs seek to enjoin the defendants from foreclosing their loans until such time as FmHA has promulgated regulations implementing § 1981a, particularly regulations providing for notice, opportunity to be heard, and criteria for qualifications for the deferral.[2]

*Findings of Fact*

1. Plaintiffs own and operate a farm in Howard County, Missouri.

2. Defendants, in their official capacities, variously formulate, supervise, or implement the FmHA's farm loan policies.

3. On December 20, 1977, plaintiffs obtained FmHA financing in the sum of $103,800.00 under the Consolidated Farm and Rural Development Act.

4. In 1977 plaintiffs qualified for a disaster loan due to adverse weather conditions. During 1978 grain and livestock prices were too low to afford plaintiffs a profit.

Dale Reesman, Boonville, Mo., for plaintiffs.

Larry Coleman, Asst. U.S. Atty., Kansas City, Mo., for defendants.

---

**1.** Plaintiffs also allege violation of the Equal Protection Clause and abuse of discretion.

**2.** Plaintiffs have requested eighteen specific forms of relief; the above is a summary of those requests.

5. On December 22, 1978, Roger Allison applied for an FmHA economic emergency (EE) loan. His application was denied by the FmHA Howard County Committee. On March 26, 1979, after an appeal to the Missouri State Director of the FmHA, an operating loan of $29,000.00 was approved, but a refinancing loan was denied. Roger Allison appealed the State Director's decision to the Assistant Administrator of the FmHA. On June 26, 1979, the Assistant Administrator reversed the State Director's decision. The Assistant Administrator found that denial of the loan application was unreasonable because Roger Allison met the eligibility requirements. Additionally, the proposed Farm and Home Plan submitted by Allison on April 9, 1979, showed reasonable repayment ability. The farm plan projected future earnings based on estimated costs and returns. The Assistant Director's decision indicated that deferred loan payments would be available if necessary during the period of time that plaintiffs' hog operation was in its development stage. On August 24, 1979, plaintiffs received a $190,000.00 reorganization loan and on April 28, 1980, they received a $29,750.00 operating loan.

6. In the course of the above-described loan transactions the FmHA obtained secured interests in plaintiffs' real estate, farm equipment, livestock, supplies, and inventory.

7. During 1979, because of dry weather during planting season and an early frost, plaintiffs' bean crop yielded approximately one-third less than normal. Prices on fertilizer, gas, and repairs rose dramatically that year.

8. In 1980, due to a severe drought, plaintiffs' crop yield was low. Their corn yield averaged 16 bushels per acre compared to 120 bushels for an average year. Their beans averaged a yield of 9½ bushels per acre compared to 30 bushels per acre for an average year.

9. The Allisons' projected profits, submitted in their farm plan on April 9, 1979, were not achieved due to unforeseen low prices, poor yield, and increased costs. The Allisons became delinquent in their FmHA loan payments.

10. On November 6, 1980, Roger Allison met with County Supervisor Cox who advised him to sell his breeding stock and equipment. Plaintiffs sold their equipment and stock and made some payments on their FmHA loans.

11. On May 14, 1981, plaintiffs' loans with the FmHA were accelerated for failure to pay installments of principal and interest when due and for failure to pay real estate taxes. Plaintiffs were notified that their loans would be foreclosed unless their loans were fully paid by June 15, 1981. At no time were plaintiffs informed of the deferral relief provided by 7 U.S.C. § 1981a.

12. Plaintiffs appealed from the decision to accelerate their loans. On August 19, 1981, after a hearing on July 20, 1981, District Director Rande Bryan upheld the decision to accelerate.

13. Plaintiffs appealed the District Director's decision to the Assistant Administrator of the FmHA. Their appeal was denied by an Acting Assistant Administrator who acted as an appeal review officer. The denial was based on the plaintiffs' "present debt structure, past performance, and future projections." The review officer did not consider whether a deferral of principal and interest would allow the plaintiffs' operation to become viable. The plaintiffs' prior performance had been poor due to circumstances beyond their control. Further, future projections regarding income were adversely affected by the fact that plaintiffs' livestock and machinery had been sold at the request of the FmHA.

14. A final appeal was taken to the Administrator of the FmHA whose Program Assistant upheld the previous decisions to accelerate. Plaintiffs, through a farm magazine, had learned of possible loan deferral relief and requested same in connection with their appeal. The final decision to accelerate the Allisons' loans, which were classified as emergency (EM) and economic emergency (EE) loans, was rendered on August 10, 1982. That decision also addressed

possible consolidation, rescheduling, reamortization and deferral of loan payments. These alternatives were rejected because "[t]he Allisons' past performance show[ed] that they did not have the potential to generate sufficient farm income to repay family living and farm operating expenses plus debt service even if a deferral had been granted." This finding contradicts prior FmHA findings which led to the granting of the loans under question. The conclusory finding was unsupported by evidentiary analysis. The Allisons had failed to meet payments in the past due to adverse weather and economic conditions.

## Conclusions of Law

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

2. Defendant violated 7 U.S.C. § 1981a by failing to provide plaintiffs with notice of its provisions and an opportunity to be heard.

3. Defendant abused its discretion by failing to fully consider the applicability of 7 U.S.C. § 1981a's loan deferral relief.

## Opinion

The issue under consideration is one of statutory interpretation. Both parties agree that "[t]he only real issue before this court is whether the Secretary of Agriculture is obliged to do anything under 7 U.S.C., Section 1981a." [3] It is the Court's determination, based on the reasons which follow, that the Secretary must provide plaintiffs with notice of § 1981a, must allow plaintiffs an opportunity to be heard regarding their eligibility for the relief which § 1981a provides, and must exercise the discretion which § 1981a grants.

As previously stated, this is a suit challenging the procedure used by the FmHA in

implementing the provisions of 7 U.S.C. § 1981a. The statute provides:

*In addition* to any other authority that the Secretary may have to defer principal and interest and forego foreclosure, the Secretary may permit, *at the request of the borrower,* the deferral of principal and interest on any outstanding loan made, insured, or held by the Secretary under this chapter, or under the provisions of any other law administered by the Farmers Home Administration, and may forego foreclosure of any such loan, for such period as the Secretary deems necessary upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principal and interest when due without unduly impairing the standard of living of the borrower. The Secretary may permit interest that accrues during the deferral period on any loan deferred under this section to bear no interest during or after such period: Provided, that if the security instrument securing such loan is foreclosed such interest as is included in the purchase price at such foreclosure shall become part of the principal and draw interest from the date of foreclosure at the rate prescribed by law.

7 U.S.C. § 1981a (emphasis added).

The defendants assert that § 1981a is entirely discretionary and does not, therefore, require the Secretary to take any action. The defendants also contend that the present practices of the FmHA provide sufficient compliance with any statutory or constitutional mandates.

The district court in *Curry v. Block,* 541 F.Supp. 506, 509–21 (S.D.Ga.1982) conducted a detailed analysis and comprehensive review of the legislative history of § 1981a and of the statutory framework surround-

---

**3.** This quote is taken from Plaintiffs' Motion to Dismiss and for Summary Judgment and Defendants' Motion to Strike. At the November 15, 1982, hearing for the preliminary injunction, defendants' counsel argued that certain actions taken by the plaintiffs after their loans were accelerated were pertinent and prohibited their ability to seek an injunction due to the "clean hands" doctrine. The plaintiffs' conduct after acceleration and foreclosure of their loans, however, is unrelated to the legal question at issue and does not prevent the Court from granting equitable relief.

ing it. This Court can add nothing to that well-reasoned discussion, but will briefly review the *Curry* court's analysis and adopt its interpretation of the statutory framework and legislative history of § 1981a.[4]

The farmers loan program is primarily a form of social welfare legislation designed to aid farmers in keeping existing farms operating. *Curry v. Block, supra,* at 513–14. In particular, § 1981a was promulgated to provide the FmHA with additional authority; with the means to prevent unwarranted foreclosure or forced sale of assets.

The Secretary of Agriculture, who delegates the administration of loans to the FmHA was given the discretionary power to defer payments on principal and interest by § 1981a. The discretionary power commences "upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principal and interest when due without unduly impairing the standard of living of the borrower." 7 U.S.C.A. § 1981a. It is the Court's determination that the plain language of the statute requires the Secretary to provide borrowers notice of § 1981a, to provide an opportunity to show their eligibility for the relief it provides, and to determine whether borrowers should be granted loan deferral. The Court will first discuss the Secretary's duty to exercise the discretion granted him by § 1981a and will then discuss the issues of notice and opportunity to show that the eligibility requirements of § 1981a have been met.

4. The Court is also aided by the parties' briefs, their interpretation of *Curry,* and its own review of relevant statutes and regulations.

At least three courts have considered the Secretary of Agriculture's duty to exercise the discretion vested him by § 1981a. In *Curry v. Block,* 541 F.Supp. 506 (S.D.Ga.1982), after consideration of the issue, the district court ordered the FmHA to provide the plaintiffs in the case with personal notice of the provisions of § 1981a and to promulgate rules on the eligibility criteria of § 1981a. The district court in *Matzke v. Block,* 542 F.Supp. 1107 (D.Kan.1982) (order granting preliminary injunction), issued a preliminary injunction prohibiting foreclosure on plaintiff Stoss' property

### 1. *Exercise of Discretionary Power*

■ The Secretary of Agriculture was given the discretionary power to defer payments of principal and interest on FmHA loans by § 1981a. 7 U.S.C. § 1981a; *Curry v. Block,* 541 F.Supp. 506, 516 (S.D.Ga.1982). *See Matzke v. Block,* 542 F.Supp. 1107, 1115 (D.Kan.1982) (order granting preliminary injunction). The discretionary power commences "upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principal and interest when due without unduly impairing the standard of living of the borrower. 7 U.S.C. § 1981a. The discretion granted the Secretary concerns the decision to grant or deny a deferral. The Secretary must exercise this discretion. Refusal to exercise discretion is itself an abuse of discretion. *E.g., United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 266–67, 74 S.Ct. 499, 502–03, 98 L.Ed. 681 (1954). Courts must hold unlawful agency actions which are an abuse of discretion. 5 U.S.C. § 706(2)(A).

■ In the instant case, the defendants have refused to follow a Congressional mandate. The Secretary has not exercised the discretion granted him by § 1981a. Neither regulations nor an adjudicatory procedure has been provided to implement the discretion granted by § 1981a. The Secretary must exercise his discretion and determine if the plaintiffs are entitled to the deferral relief provided by § 1981a.

which was subject to a security interest held by FmHA to secure loans extended to plaintiff Stoss by FmHA under the Consolidated Farm and Rural Development Act. Naturally, the court in *Matzke* made no ruling on the merits of the plaintiffs' claim that the FmHA abused its discretion by failing to implement the provisions of § 1981a. The court, however, did find that plaintiff Stoss was likely to prevail on the merits. *Id.* at 1114. In *Moskiewicz v. Block,* No. 82–C–231 (W.D.Wis. filed Sept. 10, 1982), the district court, in dicta, stated that § 1981a is entirely permissive; therefore, the Secretary is not required either to promulgate regulations implementing the statute or to give loan recipients notice of the statute.

Defendants contend that a decision was in fact made to deny plaintiffs' loan deferral relief. The plaintiffs exhausted their administrative review of the FmHA decision to accelerate by appealing to the FmHA Program Assistant to the Administrator. In his final decision, the Program Assistant stated that the plaintiffs did not qualify for a deferral under any of the FmHA's regulations.[5] That decision was supported by the conclusory statement that "[t]he Allisons' past performance show[ed] that they did not have the potential to generate sufficient farm income to repay family living and farm operating expenses plus debt service even if a deferral had been granted." The evidence is clear, however, that the Allisons' past deficiencies were caused by adverse weather and economic conditions. No showing was made that such conditions impaired their future earning capability. Further, the FmHA had previously found that the Allisons had reasonable repayment ability when the Allisons were granted the numerous loans which they received. No findings or reasons were given for the dramatic change in the FmHA's interpretation of the Allisons' financial capability.

The Court does not consider the Program Assistant's conclusory, unsupported, and contradictory decision an adequate exercise of the discretion granted by § 1981a. The agency must formulate standards for § 1981a deferral and state findings and reasons showing a proper application of those standards. "Judicial review must operate to ensure that the administrative process itself will confine and control the exercise of discretion." *Historic Green Springs, Inc. v. Bergland,* 497 F.Supp. 839, 854 (E.D.Va.1980), quoting, *Environmental Defense Fund v. Ruckelshaus,* 439 F.2d 584, 598 (D.C.Cir.1971). The Secretary must clearly articulate the grounds for his exercise of discretion, *see Matlovich v. Secretary of the Air Force,* 591 F.2d 852, 857 (D.C.Cir.

1978), to show that the statutory mandates have been met.

2. *Notice Requirement*

■ It is the Court's further determination that § 1981a requires the Secretary to inform FmHA borrowers of the provisions of the statute. The defendants contend that the discretionary nature of the statute absolves them from the necessity of giving notice. The statute specifically states that the Secretary's consideration of the applicability of the loan deferral provided by § 1981a commences upon "the *request* of the borrower." The statutory framework surrounding § 1981a, its legislative history, and its language and provisions show that it was enacted to provide relief to farmers temporarily unable to make loan repayments due to circumstances beyond their control.[6] The purpose of the statute cannot be achieved unless borrowers are informed of its provisions. A borrower cannot request relief if he is ignorant of the substantive and procedural provisions of the statute. Congress would not have enacted a totally ineffective statute, yet the defendants would have the Court so hold. It is futile to enact a statute which requires the borrower to request relief without intending also that the borrower be informed of that requirement. The defendants urge the Court to find that Congress passed a statute with no functional utility. Their contention is without merit.

In the instant case, it is clear that the notice requirement of § 1981a was not met. After a string of disastrous crop years and while plaintiffs' hog operation was still in its development stage, plaintiffs were unable to make their loan payments. Plaintiffs were not granted deferral relief, were not informed of deferral relief and in November of 1980 were advised by their FmHA County Supervisor, whose duty it was to aid them in the administration of

---

5. 7 C.F.R. § 1951.40 provides for a limited type of loan deferral in certain circumstances. The regulation does not, however, require the Secretary to notify borrowers of deferral relief or to consider whether deferral should be granted.

6. For a detailed discussion of § 1981a's legislative history, see *Curry v. Block,* 541 F.Supp. 506, 509–21 (S.D.Ga.1982).

**406**

their farm, to sell their breeding stock and equipment.[7] In early 1981, plaintiffs' loans were accelerated and they were informed that foreclosure would ensue unless their loans were fully paid.

Notice of possible loan deferral relief must be given in a timely manner. Unless notice is given at the appropriate time, § 1981a is rendered ineffective in providing the relief for which it was enacted. At no time prior to the sale of stock and machinery or the acceleration decision were plaintiffs informed of § 1981a. At the very least, plaintiffs should have been informed of § 1981a's loan deferral relief before they were advised to sell their breeding stock and equipment, thereby further jeopardizing their farm operation and placing them in a precarious position. Also, notice should have been given before a decision was made to accelerate their loans.

**3.** *Opportunity to Show Deferral Eligibility*

■ Beyond providing notice of § 1981a deferral, it is the Court's determination that the Secretary must grant borrowers an opportunity to show that they meet the prerequisites of § 1981a loan deferral. It is the defendant's position that § 1981a is essentially a superfluous statute which grants the Secretary no authority beyond that currently exercised under the authority of other statutes. The Court is not of the opinion that Congress promulgates superfluous statutes.

The Secretary's decision to grant or deny a deferral under § 1981a commences only after a borrower has shown that he meets the requirements set out in the statute: a temporary inability to pay because of circumstances beyond his control without unduly impairing his standard of living. Refusal to grant the borrower a meaningful opportunity to show that he has met the prerequisites set out in the statute negates the purpose of § 1981a. The Secretary renders § 1981a useless if the borrower is not given an opportunity to show that he meets the statutory requirements.

A careful reading of the statutory authority granted the Secretary of Agriculture shows no statute other than § 1981a which grants the borrower an opportunity to show that loan deferral should be considered in his case. Unlike other statutes which may grant the Secretary authority to grant deferral if he so desires, § 1981a by implication grants the borrower the right to request deferral and requires that the Secretary consider whether a deferral should be granted. No regulations have been enacted by the Secretary providing the borrower with an opportunity to apply for the loan deferral relief granted by § 1981a. The Secretary violates his duty to consider whether deferral should be granted if no procedures are instituted to provide the borrower with an opportunity to show that he is entitled to be considered for § 1981a deferral relief.

In accordance with the foregoing, the defendants are hereby enjoined from foreclosing on the plaintiffs' farm until such time as the necessary compliance with 7 U.S.C. § 1981a as outlined in this order is made.

**7.** 7 C.F.R. Part 1924, Subpart B, provides for management assistance to be given to borrowers.