UNITED STATES of America, Appellee,

v.

Carl O'Neil HAMRICK, Appellant,

and

First National Bank; G. Wayne LeMaster, Executor of the Estate of Maggie C. Swofford; Agrico Chemical, Defendants.

Nos. 82–2050, 83–1013.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1983.

Decided Aug. 2, 1983.

J. Edwin McDonnell, Spartanburg, S.C., for appellant.

James D. McCoy, III, Asst. U.S. Atty., Greenville, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Here we may well have only a case in which due adherence to appropriate procedure has a temporary victory over substance. Carl O'Neil Hamrick, a farmer under a Government program designed to assist those of his calling, borrowed substantial sums of money ($171,000.00 and $25,810.00) on two mortgages. The mortgagee in each case was the Farmers Home Administration. The Farmers Home Administration on March 29, 1982 began proceedings to foreclose following failure by Hamrick to abide by his undertaking to apply proceeds from crop sales to the obligations under the mortgage notes and his resulting conviction under 18 U.S.C. § 658. The mortgages had gone in default, the amounts due on August 26, 1982 amounting to $193,935.32 in the case of the larger of the two mortgages, and to $55,419.70 in the case of the other. The security in the form of farm land and equipment has not, according to counsel at oral argument, as yet been sold.

Pursuant to 7 U.S.C. § 1981a, there is moratorium or deferral relief available to a farmer who is in default if he meets certain qualifications. The relief is by its terms permissive [1] on the Secretary of Agriculture's part "at the request of the borrower." The farmer must make a showing "that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of . . . principal and interest when due. . . ."

The district judge affirmed the decision of the magistrate to whom the matter had been referred.[2] The judge and magistrate each refused any relief to Hamrick on the grounds that (a) Hamrick had never met his responsibility to apply for moratorium relief and (b) his claim was not meritorious, which we take to mean that the prospects of relief were so remote that they might be disregarded. We gather that the court assessed Hamrick's likelihood of success in the light of violation of his undertakings when he sold crops without applying the proceeds to obligations under the mortgages.

It may well be that the district judge will prove correct in his assessment of Hamrick's chances if and when Hamrick applies for moratorium relief. Nevertheless, the

---

1. There is authority to the effect that, despite the use of the discretionary "may," grant of the relief is mandated by the statutes. *See Curry v. Block,* 541 F.Supp. 506 (S.D.Ga.1982); *cf. Pealo v. Farmers Home Administration,* 361 F.Supp. 1320 (D.D.C.1973) (While the Farmers Home Administration retains discretion in applying the act to a particular case, it may not generally suspend the program). Here, even if the statute imposes a mandatory duty on the Secretary, the Secretary may, nevertheless, deny deferral on a determination that the borrower lacks "clean hands." *Curry v. Block, supra,* 541 F.Supp. at 517–18.

2. A substantial amount of space in the briefs was devoted to a discussion of the legality of the referral. In view of our disposition of this appeal, we need not address Hamrick's assignments of error pertaining to the referral.

decision is one for the Secretary of Agriculture and not for the court to make.[3] Relief of farmers from adverse consequences of events beyond their control is an important policy of the Government and we cannot say with certainty that relief might not be forthcoming.

Accordingly, we vacate and remand, directing the district court to set a reasonable time in which Hamrick may seek a moratorium, the outcome, should he timely apply, to abide the decision of the Secretary of Agriculture and any proceedings which may eventuate therefrom.

VACATED AND REMANDED.

WIDENER, Circuit Judge, concurring:

While I concur in the result, I do not concur in the per curiam opinion except footnote 3 thereof, in which I do concur.

Were it not for the new regulations mentioned in note 3, I would deny all relief, for Hamrick had sold about $40,000 worth of crops out from under mortgages in favor of the government without consent and without applying the proceeds to his loans. I thus think the foreclosure is postponed only by the new regulations and otherwise he would not be entitled to any relief.

I think it is a mistake for the per curiam opinion to declare the policy of the government, for matters of policy are properly determined first by the legislature and only in the absence of any such determination by the courts. *Twin City Company v. Harding Glass Company,* 283 U.S. 353, 51 S.Ct. 476, 75 L.Ed. 1112 (1931). Until the new regulations were promulgated by the Secretary pursuant to Congressional authority, I do not think the plaintiff was in the class of debtors Congress intended to permit to make application for relief.

**3.** It should be noted that the Farmers Home Administration recently has promulgated new regulations which require that borrowers be told that they may inquire about deferrals and other servicing options. *See* 7 C.F.R. § 1960.-12(e); 47 Fed.Reg. 21,235 (1982) (to be codified at 7 C.F.R. § 1924.57(f)(3)). The new regula-

tions are procedural, and should be applied retroactively, *see United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). Hamrick did not receive the notice contemplated by the new regulations. Accordingly, he should now be allowed to apply to the Secretary for relief under 7 U.S.C. § 1981a.