601 F.Supp. 90 (1984)
Ronald D. SCHIEFFER, et al., Plaintiffs,
v.
John BLOCK, Secretary of the United States Department of Agriculture, Defendant.
No. 84-0541C(C).
United States District Court, E.D. Missouri, E.D.
December 28, 1984.
*91 Susan Hais, Clayton, Mo., for plaintiffs.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the court upon defendant's motion to dismiss, or, in the alternative, for summary judgment. As grounds for such motion defendant states that this court lacks subject matter jurisdiction, that plaintiffs have failed to state a claim upon which relief can be granted, and that the defendant is entitled to judgment as a matter of law. For the reasons set forth below the defendant's motion to dismiss will be granted.
The relevant facts follow. In December, 1978, plaintiffs borrowed $286,000.00 from the Farmers Home Administration, secured by plaintiffs' farm in Lincoln County, Missouri. Plaintiffs were unable to make the required payments under the loan agreement and subsequently "voluntarily" delivered the deed to the farm to the defendant in February, 1982. The FmHA did not inform the plaintiffs that they were qualified to seek relief pursuant to 7 U.S.C. section 1981(a). Plaintiffs' claims are based on defendant's failure to alert the plaintiffs to their section 1981(a) rights.
In Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the court set out the test for qualified or good faith immunity for government officials. The court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818, 102 S.Ct. at 2738.
Prior to Allison v. Block, 723 F.2d 631 (8th Cir.1983), the district courts in the Eighth Circuit were split on the interpretation of 7 U.S.C. section 1981(a). Compare Allison v. Block, 556 F.Supp. 400, 403-04 (W.D.Mo.1982) (notice) with Neighbors v. Block, 564 F.Supp. 1075, 1079-81, 1083 (E.D.Ark.1983) (no notice).
The first case litigating the meaning of the provisions of 7 U.S.C. section 1981(a) was not decided until four months after the Schieffer's deed to FmHA. See Curry v. Block, 541 F.Supp. 506 (S.D.Ga.1982) The cases which came after Curry were split until the Eighth Circuit decision in Allison, supra, in December, 1983. Therefore, the state of the law was not "clearly established" as required by Harlow by the time the property was delivered to FmHA. Since all of the plaintiffs' claims arise out of the defendant's mistaken interpretation of 7 U.S.C. section 1981(a) and since the defendant cannot reasonably be expected to have anticipated subsequent legal developments, no cause of action lies. Therefore, plaintiffs' claims as to damages must be dismissed for failure to state a claim upon which relief can be granted.
Furthermore, any injunctive or declaratory relief should not be considered by this court since there is no actual case or controversy. The FmHA is no longer litigating in federal courts their obligations under section 1981(a). The court in Coleman v. Block, 580 F.Supp. 194 (D.C.N.D. *92 1984), required that FmHA establish procedures to inform borrowers of their right to a hearing to contest a proposed acceleration and liquidation determination. The Coleman permanent injunction order has not been appealed by the government, and procedures are being drafted and implemented according to that order. In addition, plaintiffs could no longer benefit from the relief they seek. Plaintiffs' requests are therefore moot.
For the aforementioned reasons, defendant's motion to dismiss will be granted. The claims against defendant Block in his secretarial capacity will be dismissed with prejudice. See, e.g., Serbus v. Hoffman, 450 F.2d 296, 297 (8th Cir.1971); Rachuy v. Murphy Motor Freight Lines, Inc., 663 F.2d 57, 58 (8th Cir.1981).