**In re William F. ERRINGTON and Frances E. Errington, Debtors.**

**Bankruptcy No. 4–84–2235.**

United States Bankruptcy Court, D. Minnesota.

Aug. 8, 1985.

**218**

James E. Lachner, Asst. U.S. Atty., Minneapolis, Minn., for Farmers Home Admin.

Michael J. Iannacone of Iannacone & Iannacone, St. Paul, Minn., for debtors.

## ORDER DENYING ADEQUATE PROTECTION

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned Judge on the motion of the United States of America acting by and through the Farmers Home Administration (FmHA) for adequate protection. The Debtors opposed the motion. I am denying the motion for adequate protection for the reasons stated below.

The facts in this case which are necessary to this determination are relatively simple. Both parties are in agreement as to the basic facts. Debtors on August 3, 1979 and June 19, 1981, entered into several loan agreements with the Farmers Home Administration. As security for these loans, the Debtors executed notes and real estate mortgages in the amount of $370,000. The loans are secured by farm equipment and a junior lien on real estate of the Debtors.

The Debtors have not made any payments on the loans since December 30, 1982.

For purposes of this motion, I will assume that the United States' security interest in the real estate and farm equipment is not increasing and, in fact, may be decreasing due to use of the equipment and falling real estate values.

The Farmers Home Administration is unable to foreclose on the Debtor's real and personal property due injunctions by various Circuit and District Courts enjoining FmHA from foreclosing on mortgages until it promulgates rules and regulations under 7 U.S.C. § 1981a (1982). Section 1981a states:

In addition to any other authority that the Secretary may have to defer principal and interest and forgo foreclosure, the Secretary may permit, at the request of the borrower, the deferral of principal and interest on any outstanding loan made, insured, or held by the Secretary under this chapter, or under the provisions of any other law administered by the Farmers Home Administration, and may forgo foreclosure of any such loan, for such period as the Secretary deems necessary upon a showing by the borrower that due to circumstances beyond the borrower's control, the borrower is temporarily unable to continue making payments of such principle and interest when due without unduly impairing the standard of living of the borrower. The Secretary may permit interest that accrues during the deferral period on any loan deferred under this section to bear now interest during or after such period: *Provided,* That if the security instrument securing such loan is foreclosed, such interest as is included in the purchase price at such foreclosure shall become part of the principal and draw interest from the date of foreclosure at the rate prescribed by law.

To date, no regulations have been issued detailing how farmers go about requesting deferral of their loans under this section.

Courts looking at 7 U.S.C. § 1981a have held that Congress intended the Secretary of Agriculture to give notice of the availability of 1981a relief to borrowers prior to loan acceleration or foreclosure and to establish a uniform procedure for use of § 1981a. *See, e.g., Allison v. Block,* 556 F.Supp. 400, 405–406 (W.D.Mo.1982) *aff'd*

723 F.2d 631 (8th Cir.1983); *Gamradt v. Block,* 581 F.Supp. 122 (D.Minn.1983); *Jacoby v. Schuman,* 568 F.Supp. 843, 846 (E.D.Mo.1983); *Matzke v. Block,* 564 F.Supp. 1157, 1166–1167 (D.Kan.1983), *aff'd* 732 F.2d 799 (10th Cir.1984); *Coleman v. Block,* 562 F.Supp. 1353, 1361–1362 (D.N.D.1983); *Curry v. Block,* 541 F.Supp. 506, 523–526 (S.D.Ga.1982), *aff'd* 738 F.2d 1556 (11th Cir.1984); *United States v. Hamrick,* 713 F.2d 69 (4th Cir.1983) (*per curiam* ).

The Farmers Home Administration is asking that the Debtors be required to adequately protect the Farmers Home Administration interest in the Debtors' property during the pendency of the Debtors' bankruptcy. The Farmers Home Administration has only asked for adequate protection and not, as is the usual case, for adequate protection or, alternatively, relief from the automatic stay. This is because the Farmers Home Administration, as discussed above, is under a temporary injunction in many states including Minnesota and circuits which precludes it from foreclosing upon the mortgages it holds and this would be the reason the FmHA would seek relief from the stay. *See, e.g., Gamradt v. Block, supra,* and *Allison v. Block, supra.*

Therefore, the only thing this Court must consider is whether the Farmers Home Administration is "adequately protected" as that term is used in 11 U.S.C. § 362. Under the Bankruptcy Code, and specifically under 11 U.S.C. § 362, by virtue of the filing of a petition in bankruptcy, an automatic stay is imposed which stops all actions against the Debtor and his property. This is the proverbial "breathing spell" granted to Debtors. Creditors are granted relief from the automatic stay upon fulfilling appropriate procedural requirements if, among other things, the Debtor does not provide "adequate protection" to the creditor. 11 U.S.C. § 362(d)(1).

Adequate protection is discussed more fully in 11 U.S.C. § 361. Although the term "adequate protection" is not exactly defined, 11 U.S.C. § 361 does state that adequate protection may be provided by a Debtor doing one of several things—(1) making cash payments or periodic cash payments to the creditor; (2) providing replacement or additional liens on property to a creditor; or (3) granting such other relief as will constitute the "indubitable equivalent" of the creditor's interest in the property.

What is important to this case is that Section 361 requires the Debtor to adequately protect the creditor "to the extent that such stay ... results in a decrease in the value of such entity's [creditor's] interest in ... property".

The crucial issue here is, therefore, what damage the stay has caused to FmHA's interest in Debtors' property. FmHA is already temporarily enjoined for reasons totally unrelated to these Debtors' bankruptcy filings from foreclosing upon the Debtors' loans from FmHA. Therefore, this Court sees no damage that FmHA is suffering from the imposition of the automatic stay in this case. The FmHA should not be able to obtain through the Bankruptcy Court what it cannot obtain in a Federal District Court or State Court at this time. The stay has not decreased the value of the FmHA's interest in the Debtors' property at all. Of course, the FmHA's interest may be declining in value due to declining farmland values, continuing depreciation of equipment, etc. However, this depreciation would be ongoing regardless of whether the bankruptcy filing had occurred or not. The injunction precluding foreclosure of its mortgages is causing the damage, if any, to the value of FmHA's interest. The Debtors' bankruptcy adds nothing to the injunction's power.

ACCORDINGLY, IT IS ORDERED that:

The motion of the United States, acting by and through the Farmers Home Administration, for adequate protection is denied.