620 F.Supp. 891 (1985)
Robert A. FLINN, et al., Plaintiffs,
v.
John BLOCK, et al., Defendants.
No. 84-665C(3).
United States District Court, E.D. Missouri, E.D.
September 4, 1985.
Susan M. Hais, Clayton, Mo., for plaintiffs.
Wesley D. Wedemeyer, St. Louis, Mo., for defendants.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendants' motion for summary judgment. For the reasons stated below, defendants' motion will be granted.
Plaintiffs borrowed money from the Farmers Home Administration (FMHA), secured by plaintiffs' property in Lincoln County, Missouri. Plaintiffs did not continue making payments on the loans, and the FMHA accelerated the loans on July 5, 1979.
Plaintiffs are suing defendants, in their individual and representative capacities, for equitable relief and for damages. Plaintiffs' state and federal claims are premised on defendants' failure to notify plaintiffs of 7 U.S.C. § 1981a relief.
Defendants allege that they are immune from damage claims because their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
In Allison v. Block, 723 F.2d 631 (8th Cir.1983), the appellate court held that the *892 FMHA is required to provide Consolidated Farm and Rural Development Act (CFRDA) borrowers with notice of 7 U.S.C. § 1981a relief, including deferral and other alternatives to acceleration. Prior to the Allison decision, the law concerning the FMHA's duties pursuant to § 1981a was unclear. See Allison v. Block, 556 F.Supp. 400 (W.D.Mo.1982) and Neighbors v. Block, 564 F.Supp. 1075 (E.D.Ark.1983). Further, the government enacted notice provisions in 1983. See 7 C.F.R. §§ 1951.33 and 1951.40(b)(2) (1983). However, the Allison court found that these regulations did not provide for adequate notice as required by 7 U.S.C. § 1981a. Allison, supra, 723 F.2d 631.
Defendants' actions preceded the clarification of the FMHA's duties under § 1981a since defendants accelerated plaintiffs' loans in 1979. Because the law was not clearly established at that time, the Court will grant defendants' motions for summary judgment based upon defendants' qualified immunity. See Schieffer v. Block, 601 F.Supp. 90 (E.D.Mo.1984).
In Coleman v. Block, 580 F.Supp. 194 (D.N.D.1984), the court issued a permanent injunction preventing the FMHA from foreclosing on all CFRDA loans without providing eligible borrowers with notice of deferral options under § 1981a. The court certified a national class action of eligible borrowers. The FMHA is abiding by and has not appealed the Coleman order. Therefore, plaintiffs' claims for injunctive and equitable relief are moot and do not provide any genuine issues of material fact. See Fed.R.Civ.P. 56.
Finally, pursuant to state law, plaintiffs seek to set aside a transfer of title and to recover damages for defendants' alleged fraud and misrepresentations. Having granted summary judgment on all federal claims, the Court will decline to hear the remaining pendent state claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).