799 F.2d 430
 Clemmer Dale DeJOURNETT and Madeline DeJournett, Appellants,
v.
John BLOCK, John O. Foster, Howard F. Spencer, Gary B.
Capps, David M. Pullen, Lee Bloomfield, and
Winford Watkins, Sr., Appellees.
 No. 85-2387.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 11, 1986.
Decided Aug. 26, 1986.
 
 Dale Reesman, Boonville, Mo., for appellants.
 David DeTar Newbert, Kansas City, Mo., for appellees.
 Before ROSS, FAGG, and BOWMAN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Clemmer and Madeline DeJournett appeal the district court's dismissal of their Bivens -type constitutional tort claim. See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). We affirm.
 
 
 2
 The DeJournetts live on and operate a farm in Stoddard County, Missouri. They have received thirteen loans of various types from the Farmers Home Administration (FmHA). These loans total approximately $350,000.
 
 
 3
 Several of the loans received by the DeJournetts were obtained between March of 1983 and July of 1985. During that same period, however, the DeJournetts, who were suffering serious financial difficulties, also failed to obtain several FmHA loans. These particular loan applications either were not fully processed by FmHA officials due to a lack of funds or were administratively denied.
 
 
 4
 The DeJournetts filed this lawsuit on July 19, 1985. For relief, the DeJournetts sought $7,000,000 in actual and punitive damages. The DeJournetts requested neither injunctive nor declaratory relief.
 
 
 5
 On appellees' motion for summary judgment, the district court dismissed the DeJournetts' claim in its entirety. The district court dismissed the DeJournetts' claim against John Block, the former Secretary of the United States Department of Agriculture, because the DeJournetts failed to assert that Block was in any way involved in the challenged administrative decisions. The district court dismissed the DeJournetts' claim with respect to all other appellees after concluding that each appellee was entitled to either absolute or qualified immunity from a claim for money damages.
 
 
 6
 On appeal, the DeJournetts do not challenge the district court's dismissal of their claim with respect to John Block. Thus, we have no occasion to address the propriety of the district court's dismissal as to him. Further, the DeJournetts do not contend that their claim for damages is specifically authorized by any particular statutory or regulatory provision.
 
 
 7
 Rather, the DeJournetts concede that their claim is a Bivens -type constitutional tort claim in which they seek to recover money damages for the violation of their constitutional rights. See Butz v. Economou, 438 U.S. 478, 485-86, 504, 98 S.Ct. 2894, 2899-900, 2909, 57 L.Ed.2d 895 (1978); Bivens, 403 U.S. at 390-97, 91 S.Ct. at 2001-05. Specifically, the DeJournetts assert that appellees, in exercising their discretion with respect to the DeJournetts' loan applications, failed to comply fully with a number of statutory and regulatory provisions and in so doing deprived them of property without due process of law in violation of the fifth amendment of the United States Constitution. See Davis v. Passman, 442 U.S. 228, 234-48, 99 S.Ct. 2264, 2271-78, 60 L.Ed.2d 846 (1979); Arcoren v. Farmers Home Administration, 770 F.2d 137, 139 (8th Cir.1985). As a result, regardless of appellees' claim of qualified immunity, the DeJournetts must first demonstrate that they possess a constitutionally protected property interest in the benefits offered by the various FmHA loan programs.
 
 
 8
 The fact that the DeJournetts have received FmHA loans in the past does not in and of itself provide the DeJournetts with a constitutionally protected property interest in future FmHA loans. See Bass v. United States Department of Agriculture, 737 F.2d 1408, 1416 (5th Cir.1984) (Garwood, Circuit Judge, concurring) (citing McCaChren v. United States Department of Agriculture, 599 F.2d 655 (5th Cir.1979)). Further, neither the Supreme Court nor this court has held that the filing of a FmHA loan application in itself provides applicants like the DeJournetts with a "legitimate claim of entitlement protected by the Due Process Clause of the Fifth * * * * * * Amendment." Lyng v. Payne, --- U.S. ----, 106 S.Ct. 2333, 2343, 90 L.Ed.2d 921 (1986); see also Schlake v. Beatrice Production Credit Association, 596 F.2d 278, 282 (8th Cir.1979).
 
 
 9
 Finally, while the various statutory and regulatory provisions relied upon by the DeJournetts entitle the DeJournetts to apply for FmHA loans and establish a regulatory procedure for processing and reviewing loan applications, these provisions do not transform the DeJournetts' unilateral hope, desire, or abstract need for a FmHA loan into a legitimate claim of entitlement to the loan itself. See Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Thus, these provisions create no property interest on which the DeJournetts' constitutional tort claim may properly be based.
 
 
 10
 Because the DeJournetts have failed to establish the existence of a constitutionally protected property interest, the DeJournetts' constitutional tort claim, which is wholly premised on the existence of a protected constitutional interest, was properly dismissed by the district court. As our conclusion with respect to the constitutional basis of the DeJournetts' claim is equally applicable to each appellee, we have no need to consider the question of appellees' absolute or qualified immunity.
 
 
 11
 The DeJournetts raise several other challenges to the district court's dismissal of their claim. We have thoroughly considered each of these contentions and find them to be without merit. Thus, we affirm the decision of the district court.