806 F.2d 197
 Henry H. HAGEMEIER, and Mary L. Hagemeier, his wife, Appellants,
v.
John BLOCK, Individually and in his capacity as Secretary of
the United States Dept. of Agriculture; Allen Brock,
Individually and in his capacity as Acting Assistant
Administrator for Farmer Programs and former Acting
Administrator of the Farmers Home Administration, Charles
Shuman, Individually and in his capacity as Administrator of
the Farmers Home Administration; John O. Foster,
Individually and in his capacity as State Director of
Missouri; Rande S. Bryan, Individually and in his capacity
as District Director; Terry A. Luetkemeyer, Individually
and in his capacity as County Supervisor, United States
Department of Agriculture, Appellees.
Charles RULE, Jr. and Wanda F. Rule, his wife, Appellants,
v.
John BLOCK, Individually and in his capacity as Secretary of
the United States Department of Agriculture; Allen Brock,
Individually and in his capacity as Acting Asst. Adm. for
Farmer Programs and former Acting Adm. of the Farmers Home
Adm.; Charles Shuman, Individually and in his capacity as
Adm. of the Farmers Home Adm; John O. Foster, Individually
and in his capacity as State Director for MO; William T.
Shay, Individually and in his capacity as District Director;
and Ronald Moody, Individually and in his capacity as
County Supervisor, U.S. Dept. of Agriculture; Robert
Noellsch, Individually and in his capacity as County
Supervisor U.S. Dept. of Agriculture, Appellees.
 Nos. 86-1144, 86-1279.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1986.
Decided Nov. 26, 1986.
Rehearing Denied Dec. 29, 1986.
 
 Susan M. Hais, Clayton, Mo., for appellants.
 Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellees.
 Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.
 ROSS, Circuit Judge.
 
 
 1
 Henry H. and Mary L. Hagemeier appeal from the district court's[1] grant of summary judgment and dismissal of their claims against various officials and administrators of the Farmers Home Administration (FmHA) arising out of the FmHA's attempted foreclosure of the Hagemeiers' FmHA loans. Charles W. and Wanda F. Rule appeal the district court's[2] dismissal of their claims which were brought on similar grounds. These cases have been consolidated on appeal. For the reasons discussed below, we affirm.
 
 I. Facts
 A. Hagemeiers
 
 2
 The Hagemeiers, who are farmers, obtained a total of seven loans from the FmHA between 1975 and 1979 pursuant to the Consolidated Farm and Rural Development Act (CFRDA), 7 U.S.C. Sec. 1921 et seq. (1982). These loans were secured by security agreements and deeds of trust in favor of the FmHA covering the Hagemeiers' farm, equipment, livestock and inventory.
 
 
 3
 The FmHA accelerated the Hagemeiers' loans due to nonpayment on April 6, 1982. This was administratively affirmed three times. On July 12, 1983, the Hagemeiers filed suit seeking to enjoin foreclosure based on a preliminary injunction which had been issued in Coleman v. Block, 562 F.Supp. 1353 (D.N.D.1983).[3] The Coleman injunction prohibited the FmHA from foreclosing loan collateral without first providing the debtors certain preliquidation procedures, including notice of possible loan deferral under 7 U.S.C. Sec. 1981a (1982). Id. at 1367. The FmHA agreed not to foreclose on the Hagemeiers' property until the courts had resolved the question of whether certain preliquidation procedures were required under 7 U.S.C. Sec. 1981a, and the Hagemeiers' suit was dismissed on December 28, 1983.
 
 
 4
 The FmHA subsequently adopted new procedures and notices with regard to the acceleration of defaulted loans pursuant to the Coleman injunction. On February 7, 1984, the FmHA notified the Hagemeiers that it again intended to accelerate their loans and foreclose. The notice informed the Hagemeiers of loan deferral alternatives, and set forth the procedures for applying for deferral and the procedures for appealing the proposed acceleration. Although the Hagemeiers received this notice, they did not contact the FmHA about deferral or appeal. On May 25, 1984, the FmHA notified the Hagemeiers that their loans were being accelerated.
 
 
 5
 The Hagemeiers brought this action seeking declaratory and injunctive relief and damages. The Hagemeiers sought to have the FmHA enjoined from foreclosing without first providing the Hagemeiers with timely personal notice of the opportunity to apply for loan deferral or other loan servicing devices. The Hagemeiers also sought damages for the FmHA's alleged failure to fulfill their statutory and constitutional obligations.
 
 B. Rules
 
 6
 The Rules' case is similar to the Hagemeiers'. In 1977 and 1978 the Rules obtained a total of four FmHA loans pursuant to the CFRDA. These loans were secured by deeds of trust covering the Rules' real estate. The FmHA sent the Rules notice of acceleration of their loans due to nonpayment on June 10, 1983. On October 3, 1983, the FmHA purchased the real estate security at a foreclosure sale in full satisfaction of the Rules' debt.
 
 
 7
 The Rules brought this action on June 7, 1984, seeking damages for the FmHA's failure to provide them notice of an opportunity to apply for loan deferral and other loan servicing devices. The complaint also alleged that the FmHA officials failed to fulfill their statutory and constitutional obligations in failing to implement a loan of emergency funds, failing to follow proper procedures in the foreclosure and subsequent sale of the Rules' property, and failing to follow the preliquidation procedures mandated by the Coleman injunction.
 
 
 8
 In both the Rules' and the Hagemeiers' cases, the district court dismissed the claims pursuant to a motion to dismiss, or in the alternative for summary judgment, determining that: 1) the defendants were qualifiedly immune from liability in their individual capacities; and 2) the defendants were not liable in their official capacities under the doctrine of sovereign immunity. In the Hagemeiers' case, the district court also determined that the Hagemeiers' claims for declaratory and injunctive relief were moot. It is from these determinations that the Hagemeiers and Rules appeal.
 
 
 9
 II. Qualified Immunity.
 
 
 10
 The Rules contend that the FmHA officials failed to follow FmHA procedures and failed to inform them of loan deferral alternatives when foreclosing on their property, in violation of their clearly established statutory and constitutional rights. The Hagemeiers make the same contentions with regard to the acceleration of their loans in 1982. In both the Rules' and the Hagemeiers' cases, the district court determined that the FmHA officials were qualifiedly immune because at the time of the acts in question there were no clearly established preliquidation procedures required. We agree with the district court.
 
 
 11
 Government officials performing discretionary functions are protected from liability for civil damages under the doctrine of qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This court has previously determined that prior to Allison v. Block, 723 F.2d 631 (8th Cir.1983), decided in December 1983, FmHA borrowers had no clearly established right to certain preliquidation procedures. Culbreath v. Block, 799 F.2d 1248, 1250 (8th Cir.1986).
 
 
 12
 The Culbreaths had advanced claims similar to the Hagemeiers' and Rules' with regard to the FmHA's acceleration of the Culbreath's loans in September 1983. This court stated:
 
 
 13
 Here, at the time the challenged actions occurred, it was not clearly established that the Culbreaths were constitutionally entitled to any preliquidation process. Only after this court's decision in Allison v. Block, 723 F.2d 631 (8th Cir.1983), was the constitutional right to preliquidation notice of the right to apply for a loan deferral clearly established. Id. at 634. Compare Allison v. Block 556 F.Supp. 400, 405-06 (W.D.Mo.1982), aff'd, 723 F.2d 631 (8th Cir.1983) (notice required), with Neighbors v. Block, 564 F.Supp. 1075, 1080 (E.D.Ark.1983) (no notice required). Even then, Allison was limited to the question of preliquidation deferral notice and did not address or recognize the existence of additional constitutionally mandated preliquidation procedures, such as notice of the right to appeal from the preliminary liquidation decision itself. See, e.g., Coleman v. Block, 580 F.Supp. 194, 211 (D.N.D.1984); Gamradt v. Block, 581 F.Supp. 122, 134 (D.Minn.1983).
 
 
 14
 Id. Thus, the Culbreath court concluded that the "FmHA officials could not reasonably be expected to know either that any type of preliquidation process was constitutionally required or equally important that the various statutory and regulatory provisions here involved bear upon or implicate such a constitutional right." Id. at 1250-51.
 
 
 15
 Likewise, in these cases the FmHA officials could not have reasonably known that the appellants were entitled to certain preliquidation procedures when they accelerated the Hagemeiers' loans in 1982, or when they foreclosed on the Rules in October, 1983. Therefore, the FmHA officials are protected by qualified immunity.
 
 
 16
 The Hagemeiers also argue that the FmHA failed to follow required preliquidation procedures when it accelerated their loans in 1984. In Coleman v. Block, supra, 580 F.Supp. at 211, the court set forth the required notice which the FmHA must send a borrower before accelerating indebtedness.[4] The district court determined that the notice sent to the Hagemeiers fully comported with the Coleman injunction. A review of the record indicates that the district court did not err in its determination.
 
 
 17
 The Hagemeiers also contend that the notice they received in 1984 was untimely because their problems with the FmHA loans and resulting damages dated back to 1975 when the first loan was made. Certainly the Hagemeiers had no clearly established right in 1975 to receive the type of notice regarding loan deferral that was mandated by Coleman and Allison v. Block, supra. See Culbreath, supra, 779 F.2d at 1250-51.[5]
 
 
 18
 Finally, both the Rules and the Hagemeiers contend that the FmHA failed to inform them of the availability of emergency loans for which they were qualified, in violation of their procedural due process rights under the fifth amendment. However, this court recently determined in DeJournett v. Block, 799 F.2d 430, 432 (8th Cir.1986) that applicants for FmHA loans have no constitutionally protected property interest in receiving such loans. Therefore, this claim was properly dismissed by the district court.
 
 
 19
 III. Sovereign Immunity.
 
 
 20
 The appellants dispute the district court's determination that their claims against appellees in their official capacities are barred by sovereign immunity.
 
 
 21
 The Supreme Court has stated that "a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' " Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (quoting Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947) and Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949)). See Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citing Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985)). Sovereign immunity bars claims against federal officials in their official capacities unless a waiver of sovereign immunity is " 'unequivocally expressed.' " United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (quoting United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)).
 
 
 22
 Appellants bring their claims pursuant to two statutes, 28 U.S.C. Secs. 1331 and 1337 (1982),[6] neither of which constitutes a waiver of sovereign immunity. Section 1331 is merely a jurisdictional statute that does not create any substantive rights that may be enforced against the United States for money damages. See United States v. Perry, 706 F.2d 278, 279 (8th Cir.1983); DeVilbiss v. Small Business Admin., 661 F.2d 716, 718 (8th Cir.1981) (per curiam). Likewise, Section 1337 is merely a jurisdictional statute and does not waive sovereign immunity. See Chicago & Illinois Midland Ry. v. Marsh, 577 F.Supp. 798, 807 (C.D.Ill.) aff'd, 746 F.2d 1482 (7th Cir.1984); Foreman v. General Motors Corp., 473 F.Supp. 166, 181 (E.D.Mich.1979). Further, the district court determined that appellants have not brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq. (1982). Appellants cite no other statute which waives immunity in this case. Thus, sovereign immunity has not been waived.
 
 
 23
 Appellants argue that FmHA officials' conduct falls within the two recognized exceptions to the sovereign immunity doctrine: "(1) action by officers beyond their statutory powers and (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." Dugan v. Rank, supra, 372 U.S. at 621-22, 83 S.Ct. at 1007 (citing Malone v. Bowdoin, 369 U.S. 643, 647, 82 S.Ct. 980, 983, 8 L.Ed.2d 168 (1962)).
 
 
 24
 According to the appellants' argument, the FmHA officials were trained to know the statutes dealing with loan deferral, but failed to act within the scope of such statutory authority, or, even if acting within the scope of such authority, the FmHA officials failed to give proper notice to appellants. Basically, this simply reiterates their argument that the FmHA officials failed to follow the proper procedures in accelerating their loans and instituting foreclosure procedures. As has already been stated, the FmHA officials provided appellants all of the preliquidation procedures to which appellants were entitled at the time. Appellants assert no other facts which would bring the FmHA officials' conduct within the sovereign immunity exceptions.[7]
 
 IV. Mootness
 
 25
 Finally, we agree with the district court that the Hagemeiers' claims for declaratory and injunctive relief are moot. The relief sought by the Hagemeiers--in particular an order requiring the FmHA to promulgate national standards implementing adequate loan servicing procedures, and allowing the Hagemeiers to apply for such loan servicing devices and to appeal the FmHA's decision to foreclose--is the same relief as was granted by the Coleman injunction. See Coleman, supra, 580 F.Supp. at 210-12. The FmHA has implemented procedures which fully comport with Coleman, and the Hagemeiers were afforded the notice and opportunity to appeal or to seek deferral in accordance with these procedures. Therefore, the Hagemeiers' claims for declaratory and injunctive relief are moot.
 
 V. Conclusion
 
 26
 In conclusion, the appellants' claims against the FmHA officials in their individual capacities are barred by the doctrine of qualified immunity and their claims against the FmHA officials in their official capacities are barred by sovereign immunity. Further, the Hagemeiers' claims for declaratory and injunctive relief are moot. Therefore, we affirm the judgments of the district court.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri
 
 
 [3]
 The Coleman plaintiffs were North Dakota farmers with FmHA loans who sued FmHA officials alleging that the officials violated constitutional, statutory and regulatory requirements in foreclosing plaintiffs' loans without implementing certain preliquidation procedures. Coleman v. Block, 562 F.Supp. 1353, 1354-55 (D.N.D.1983). The district court, on May 5, 1983, issued a preliminary injunction prohibiting the defendants from, inter alia, accelerating plaintiffs' indebtedness without informing plaintiffs of loan deferral options or of their rights to a hearing. Id. at 1367-68. In October, 1983, the district court extended this injunction to encompass a nationwide class of plaintiffs. 100 F.R.D. 705, 708 (D.N.D.1983). On February 17, 1984, the court ordered that the preliquidation requirements set forth in the preliminary injunction should issue as a permanent injunction. 580 F.Supp. 194, 209-12
 
 
 [4]
 The Coleman court ordered the FmHA to comply with the following preliquidation procedures:
 
 
 [1]
 defendants shall give any plaintiffs against whom the defendants propose to proceed at least 30 days notice:
 a. That informs the borrower of his right to a hearing to contest the proposed action and to establish eligibility for loan deferral pursuant to 7 U.S.C. Sec. 1981a;
 b. That provides the borrower with a statement that gives the reasons for the proposed action;
 c. That informs the borrower of the factors that determine eligibility for loan deferrals;
 d. That informs the borrower of the official who would preside at the hearing. The official designated shall not have been actively involved in the initial decision to take the proposed action.
 
 
 [2]
 The official presiding at any such hearing shall present his decision in writing, giving his reasons therefore [sic], which decision shall be furnished to the borrower
 
 
 [580]
 F.Supp. at 211
 
 
 [5]
 The FmHA officials assert that the claims against them in their individual capacities are also barred by the doctrine of absolute immunity. Although we have held that FmHA officials enjoy absolute immunity from liability for common law torts in certain instances, see Poolman v. Nelson, 802 F.2d 304, 307-08 (8th Cir.1986); Johnson v. Busby, 704 F.2d 419, 420 (8th Cir.1983), we decline to decide the question with regard to the claims in this case as this issue was not argued in the district court. See Johnson v. Nordstrom-Larpenteur Agency, Inc., 623 F.2d 1279, 1281 (8th Cir.), cert. denied, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980)
 
 
 [6]
 28 U.S.C. Sec. 1331 provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
 28 U.S.C. Sec. 1337 provides in relevant part "(a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies * * *."
 
 
 [7]
 Additionally, appellants cannot bring their claims within the exceptions to the sovereign immunity doctrine because of the relief sought. Appellants are seeking damages for the FmHA officials' alleged wrongful acts. This court has held that a suit may be barred by sovereign immunity if the requested relief cannot be obtained by simply granting a cessation of the official's conduct, but instead requires affirmative relief. Johnson v. Mathews, 539 F.2d 1111, 1124-25 (8th Cir.1976)