Arlene MARTIN, et al.,
Plaintiffs, Appellants,

v.

Dana MARRINER, et al.,
Defendants, Appellees.

Arlene MARTIN, et al.,
Plaintiffs, Appellees,

v.

Dana MARRINER, et al.,
Defendants, Appellants.

Nos. 89–1920, 89–2063.

United States Court of Appeals,
First Circuit.

Submitted Feb. 13, 1990.

Decided June 8, 1990.

George M. Martin and Arlene Martin, on brief pro se.

Richard S. Cohen, U.S. Atty. and F. Mark Terison, Asst. U.S. Atty., on brief, for defendants, appellees.

Before BREYER, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

After carefully reviewing the record and the briefs, this court affirms the district court's judgment in Appeal No. 89–1920 for essentially the reasons stated in the district court's memoranda and orders. In Appeal No. 89–2063, we reverse the district court's partial denial of the motion for summary judgment filed by defendants, six present and former officials of the Farmers Home Administration (FmHA), a federal agency. This motion raised the issue of defendants' entitlement to qualified immunity from damages actions filed by George and Arlene Martin. The Martins claimed that the FmHA officials denied their loan application without due process by delaying action on it, having an informal meeting with an individual who had been involved in the initial loan denial, and not clearly setting out the reasons for the loan denial.

"[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (emphasis added). The Martins claim that the FmHA defendants engaged in tortious behavior in processing their loan application and did not follow the procedures required by statutory and regulatory law. The Martins may only bring this action for money damages as a *Bivens*-type constitutional tort claim, there being no private right of action under the FmHA statute at issue in this case.[1] *See Bivens v.*

---

1. Although the Martins mention the Federal     Tort Claims Act, they did not sue the United

*Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Childress v. Small Business Administration*, 825 F.2d 1550, 1552 (11th Cir.1987).

Before such an action may be brought, however, the Martins must establish that "they possess a constitutionally protected property interest in the benefits offered by the various FmHA loan programs." *See DeJournett v. Block*, 799 F.2d 430, 431 (8th Cir.1986). In *DeJournett*, the court found that having received FmHA loans in the past did not create a constitutionally protected property interest in the receipt of future loans. *Id.* Nor did the mere filing of an application confer a property interest protected by the due process clause of the fifth amendment. *Id.* Finally, the court held that the regulatory scheme for reviewing loan applications did not create the required property interest. *Id.* at 432.

Apart from the question of whether (and if so, what) process may be due, plaintiffs in a case like this have yet a further hurdle in their path. Even assuming the presence of a constitutionally protected property interest, qualified immunity protects federal officials from liability for damages even though they violate statutes or regulations, unless the particular statute or regulation provides the basis for the cause of action. *See Davis v. Scherer*, 468 U.S. 183, 194 & n. 12, 104 S.Ct. 3012, 3019 & n. 12, 82 L.Ed.2d 139 (1984); *Culbreath v. Block*, 799 F.2d 1248, 1250 (8th Cir.1986); *see also Goyco de Maldonado v. Rivera*, 849 F.2d 683, 687–88 (1st Cir.1988) (same; violation of state statutory or administrative rule).

For example, in *Childress*, plaintiffs claimed that, before cancelling an approved loan application, the FmHA should have notified them of their right to an appeal provided by the regulations. The court assumed that plaintiffs had a property interest protected by the fifth amendment. Nonetheless, it held that the FmHA officials were entitled to qualified immunity. 825 F.2d at 1553–54. The court recognized that government officials are entitled not

to stand trial unless they violate "clearly established" law. *Id.* at 1552.

> The contours of the right [allegedly violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful ... but it is to say that in the light of preexisting law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (citation omitted); *accord Unwin v. Campbell*, 863 F.2d 124, 131 (1st Cir.1988). Although the *Childress* defendants had violated an FmHA regulation, they did not lose their right to qualified immunity. *Childress*, 825 F.2d at 1553.

The relevant objective inquiry in this case, then, is not whether the plaintiffs' claims are "substantively viable," *Collins v. Marina–Martinez*, 894 F.2d 474, 478 (1st Cir.1990), but whether the government officials could reasonably have believed that their actions were lawful, given preexisting law and the information they possessed. *See id.; Unwin*, 863 F.2d at 131; *Childress*, 825 F.2d at 1553.

The district court relied upon a statute, 7 U.S.C. § 1983(a), to show the requisite property interest. The statute provides that if a FmHA loan application is denied, the applicant is entitled to written notice explaining why the loan has been rejected, along with notice of the applicant's right to appeal. The district court reached the conclusion that the FmHA officials may not have complied with § 1983(a), and thereby violated the Martins' constitutional rights. Just because the defendants may have transgressed these provisions, however, the defense of qualified immunity is not overcome. *See Childress*, 825 F.2d at 1250 (protection of qualified immunity not lost by failure to comply with FmHA regulations).

In *Childress*, for example, the court went on to decide whether, apart from the regulations, the FmHA officials could be

States nor did they otherwise comply with the

protocol necessary to invoke that statute.

liable for violating the "minimum constitutional requirements of due process as clearly established at the time of their actions." *Childress*, 825 F.2d at 1553. In *Childress*, the FmHA had given plaintiffs oral notification of the loan disapproval and told them that they could personally discuss the matter with FmHA personnel. Plaintiffs did attend a conference. Ultimately, the FmHA denied their loan application without informing them of their right to appeal this decision. The court found that it was not clearly established that the plaintiffs had a constitutionally protected right to be notified of the right to an appeal. *Id.; cf. Culbreath*, 799 F.2d at 1250 (right to notice of an alternative proceeding to an FmHA liquidation not clearly established).

Based on these precedents, we think it plain that the FmHA defendants were protected from the Martins' damages claims by qualified immunity. At the time of the allegedly unconstitutional conduct, the preexisting law did not indicate that the rights asserted were "clearly established," nor would a reasonable official have known that, merely by violating some administrative regulation, he or she would be acting unconstitutionally and infracting loan applicants' constitutional rights. Aside from the alleged failure to follow the letter of the regulations, the spirit of them was accommodated; plaintiffs were not treated in any *fundamentally* unfair way. Indeed, it appears that the Martins, like the plaintiffs in *Childress*, received all the process they were due.

In No. 89–1920, the judgment appealed from is *affirmed.* In No. 89–2063, the judgement appealed from is *reversed.* The case is *remanded* to the district court. Costs in favor of defendants.