66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John SINDONI; Seaside Growers, Limited, A California
Limited Partnership; Biscayne Bay Growers,
Incorporated, A Florida Corporation,
Plaintiffs-Appellants,
v.
Frederick R. YOUNG, Defendant-Appellee.
 No. 95-1205.
 United States Court of Appeals, Fourth Circuit.
 Sept. 20, 1995.
 
 William J. Moran, BENICE & ASSOCIATES, Irvine, California, for Appellants. Helen F. Fahey, United States Attorney, Richard Parker, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before LUTTIG, WILLIAMS and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Sindoni, Seaside Growers, Ltd., and Biscayne Bay Growers, Inc. ("Appellants") appeal from the district court's order dismissing this civil action for failure to state a claim upon which relief might be granted. Fed.R.Civ.P. 12(b)(6). They contend that the district court erred in granting the motion to dismiss on grounds not raised in the motion, that the district court erred in not affording them an opportunity to amend the complaint, and that the district court did not address two of their claims. We affirm the district court's dismissal of this action.
 
 
 2
 John Sindoni, a California resident, was a general partner in Seaside Growers, Ltd. ("Seaside"), a California limited partnership whose business was to cultivate, grow, and sell palm trees. In 1992, Sindoni moved a substantial portion of this palm tree business to Florida, where he conducted business through Biscayne Bay Growers, Inc. ("Biscayne").
 
 
 3
 In 1993, Hurricane Andrew devastated Biscayne's business, and, when federal disaster funds became available for Florida residents, Biscayne sought an emergency loan from Farmers Home Administration ("FmHA"). The FmHA Dade County Committee denied Biscayne's application for an emergency loan, stating that the corporation did not suffer a qualifying loss, the company failed to meet the test for credit, the principals' credit histories were unacceptable, and there existed inaccuracies in the financial statements of one of the principals.
 
 
 4
 Biscayne appealed this decision to a FmHA Hearing Officer, who sustained the Committee's decision to deny the loan. Biscayne then appealed to the Department of Agriculture National Appeals Staff. Frederick R. Young, the Director of the National Appeals Staff, personally adjudicated the appeal. In his decision, Young made findings of fact and agreed with the Committee on all points except that he concluded that Biscayne did in fact exist in Florida at the time of the natural disaster.
 
 
 5
 Appellants, rather than seeking further review of this decision, instituted a civil action against Young alleging that his decision to deny their loan request was "intentional, arbitrary, capricious, intentional (sic) and discriminatory, and in violation of plaintiff's right to due process under the Fifth Amendment to the United States Constitution." Appellants further alleged that Young denied the loan because a former partner was in default on a loan from FmHA and because Sindoni is a California resident doing business in Florida.
 
 
 6
 Young moved to dismiss the complaint, contending that he was entitled to absolute judicial immunity for his actions in upholding the decision of the FmHA Hearing Officer. Young did not present any other basis for dismissal of this action. In opposition to the motion to dismiss, Appellants asserted that Young would not be entitled to absolute immunity, but only qualified immunity.
 
 
 7
 During a hearing on the motion, the district court granted Young's motion to dismiss, reasoning that Young was entitled to qualified immunity for his actions in upholding the denial of the FmHA loan to Appellants. The district court also determined that Appellants failed to allege the existence of a property right in the receipt of a FmHA emergency loan and therefore, failed to state a claim for a deprivation of property without due process of law.
 
 
 8
 Appellants first argue that the district court erred in granting the motion to dismiss based upon qualified immunity when the motion argued only that Young was entitled to absolute immunity. Appellants contend that the district court erred in not affording them notice and an opportunity to be heard on this issue. Contrary to their claims, Appellants had notice of the motion to dismiss, attended the hearing on the motion, and had notice that qualified immunity might be considered as a basis for dismissing the action. In fact, Appellants themselves raised the issue of qualified immunity in response to Young's motion to dismiss. We find no error by the district court in dismissing this action on the basis of qualified immunity. See Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987); Torchinsky v. Siwinski, 942 F.2d 257, 261 (4th Cir.1991).
 
 
 9
 Appellants contend that Young's denial of FmHA loan proceeds violated their due process rights, their right to travel, and their right to free association. Because no private right of action against federal officials exists based upon the statutes authorizing FmHA loans, Martin v. Marriner, 904 F.2d 120, 120-21 (1st Cir.1990), cert. denied, 498 U.S. 1034 (1991); Childress v. Small Business Admin., 825 F.2d 1550, 1553 n. 3 (11th Cir.1987), and Appellants did not assert any claims under the Federal Tort Claims Act, the district court properly construed the complaint as alleging a Bivens action based upon a denial of due process. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); Childress, 825 F.2d at 1552.
 
 
 10
 To state a claim for the denial of the FmHA loan under Bivens, Appellants must allege that they " 'possess a constitutionally protected property interest in the benefits offered by the various FmHA loan programs.' " Martin, 904 F.2d at 121 (quoting DeJournett v. Block, 799 F.2d 430, 431 (8th Cir.1986)). The filing of a request for an emergency loan under the FmHA does not "confer a property interest protected by the due process clause of the Fifth Amendment." Martin, 904 F.2d at 121; see Lyng v. Payne, 476 U.S. 926, 942 (1986). Applicants have no entitlement to such loan proceeds; thus no property interest. Moreover, Appellants have not alleged that they were denied notice or an opportunity to be heard. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Therefore, a Bivens action does not lie for a violation of due process based upon the denial of a FmHA loan.
 
 
 11
 Appellants' complaint asserted that Young denied the loan because a former minority partner was in default on a prior FmHA loan and because Sindoni was a California resident doing business in Florida. They now contend that this conclusory allegation stated a claim against Young for interference with Appellants' right of free association and right to travel. However, in opposition to Young's motion to dismiss and during the hearing on the motion, Appellants asserted only that Young violated their Fifth Amendment due process rights.
 
 
 12
 Because Appellants failed to advance these issues in the district court, the district court did not plainly err in failing to address them. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991).
 
 
 13
 Moreover, Appellants' broad, generalized statement referring to a constitutional protection fails to identify a "clearly established" right which Young allegedly violated. Thus, Appellants have failed to overcome Young's entitlement to qualified immunity. See Anderson, 483 U.S. at 639-40; Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir.1992). Appellants failed to allege or present any facts to support their generalized statement that Young's decision interfered with the right to travel or the right of free association. Rather, the record shows that Young's review of the case focused upon the denial of a loan application of Biscayne, a Florida corporation, and did not focus upon the facts that Sindoni is a resident of California or that Seaside was a California corporation. Regarding the vague claim of an interference with the right of free association, the only factual allegation related to this right is that Sindoni's partner, Mr. Wood, had previously borrowed FmHA funds and was in default. We find that Young's decision upholding the denial of the emergency loan based upon an unacceptable credit history does not implicate the right of free association.
 
 
 14
 Appellants additionally argue that the district court erred in dismissing this civil action without affording them the opportunity to amend their complaint. Although leave to amend the complaint "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), Appellants gave no indication--prior to filing their brief in this court--that they wished to amend their complaint. See Mayes v. Leipziger, 729 F.2d 605, 608 (9th Cir.1984). Moreover, Appellants have not stated the manner in which they wish to amend the complaint. Further, we find that given the opportunity to amend the complaint, Appellants would not be able to overcome Young's qualified immunity to state a claim arising from his alleged denial of Appellants' right to travel and to free association. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991). Therefore, we find that the district court did not abuse its discretion by dismissing the complaint without granting leave to amend.
 
 
 15
 In conclusion, we affirm the district court's order granting Young's motion to dismiss and dismissing this civil action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 16
 AFFIRMED.