Seana TAKKALLAPALLI, and, Srinu
Takkallapalli, Plaintiffs,

v.

Michael CHERTOFF, Secretary of the
Department of Homeland Security,
et al., Defendants.

No. 06–0477–CV–W–GAF.

United States District Court,
W.D. Missouri,
Western Division.

May 24, 2007.

Michael J. McKitrick, Danna McKitrick, P.C., Timothy E. Wichmer, Bernhardt & Wichmer PC, St. Louis, MO, for Plaintiffs.

Jeffrey P. Ray, Office of the United States Attorney, Kansas City, MO, for Defendants.

### ORDER

FENNER, District Judge.

Presently before the Court is a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") by Plaintiffs Seana Takkallapalli ("Ms. Takkallapalli") and her husband Dr. Srinu Takkallapalli ("Dr. Takkallapalli") (collectively the "Takkallapallis"). (Doc. # 17). The Takkallapallis seek a writ of mandamus compelling Defendants Michael Chertoff, Secretary of the Department of Homeland Security, and Michael Jaromin, District Director of the United States Citizenship and Immigration Service ("US-CIS"), (collectively "Defendants") to adjudicate their petition and application for status change. (Doc. # 18). The Takkallapallis concede that the ultimate decisions as to whether Dr. Takkallapalli's application is granted or denied is not subject to judicial review because that decision is committed to the discretion of the USCIS, but argue that the agency owes them a nondiscretionary duty to adjudicate their petition and application in a reasonable time. *Id.*

In a Cross–Motion for Summary Judgment, Defendants' argue the Court lacks jurisdiction over the Takkallapallis' Complaint for Mandamus. (Doc. # 21). Defendants further argue that if the Court finds that it does have jurisdiction, it should decline to exercise its discretion to issue mandamus as this case involves executive branch judgments about immigration and national security. *Id.* For the reasons stated below, the Takkallapallis' Motion for Summary Judgment is DENIED and Defendants' Cross–Motion for Summary Judgment is GRANTED.

### DISCUSSION

#### I. Facts

The present case arises from the Takkallapallis' claims that Defendants have not processed their petition and application for adjustment of status in a timely manner. (Doc. # 1). On or about December 17, 2003, Ms. Takkallapalli, a United States citizen, filed a Petition for Alien Relative (USCIS Form I–130) on behalf of her husband. (Compl.¶ 3). Dr. Takkallapalli, who was born in India and is an Indian citizen, filed an Application for Adjustment of Status to Permanent Resident (USCIS Form I–485) based on his wife's petition. (Dr. Takkallapalli Aff. ¶¶ 1–3). Both forms must be approved before a beneficiary alien can become a lawful permanent resident. (Def. SOF ¶ 2).

The USCIS interviewed the Takkallapallis on April 22, 2004 and advised them that their case would be adjudicated within 120 days. (Dr. Takkallapalli Aff. ¶ 4). Despite the Takkallapallis' attempts to follow up on their petition and application, those filings are still pending before the USCIS. *Id.* The USCIS informed the Takkallapallis that adjudication of their immigration applications was awaiting a background security check.[1] (Compl.¶ 11). Applicants for

---

1. Ms. Takkallapalli argues that the FBI check on Dr. Takkallapalli does not justify any delay

an immigration benefit are subject to criminal and national security background checks to ensure that they are eligible for that benefit and that they do not pose a risk to national security or public safety. (Perry Decl. ¶ 4). The required checks include a name check administered by the Federal Bureau of Investigation. *Id.* The FBI received a name check request for Dr. Takkallapalli on March 23, 2004, but has not yet completed the check. (Cannon Decl. ¶ 22).

Following the events of September 11, 2001, the need for more rigorous and thorough background checks and a backlog of requests has resulted in significant delays in processing some requests. (Perry Decl. ¶ 15; Cannon Decl. ¶¶ 16–19). In response to heightened security concerns, the USCIS's predecessor resubmitted 2.7 million name checks in addition to an increasing number of regular submissions. (Cannon Decl. ¶¶ 17–18). The FBI is still processing the significant number of resubmissions that required additional investigation. (Cannon Decl. ¶¶ 18–19). In addition to the backlog of resubmissions, the FBI processed in excess of 3.4 million name checks in the fiscal year 2006. (Cannon Decl. ¶¶ 13–14). The FBI generally processes name checks on a first-in, first-out basis and cannot provide a specific time frame for completing any particular review. (Cannon Decl. ¶¶ 19–20).

The USCIS has advised the Takkallapallis that it is unable to adjudicate their petition and application until the name check and any follow-up investigation is completed. (Perry Decl. ¶¶ 14–15). As a result, the Takkallapallis filed the present action seeking an order of mandamus compelling Defendants to act upon their Peti-

tion for Alien Relative and Application for Adjustment of Status to Permanent Resident within the next sixty (60) days.

## II. Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, indicates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Castillo v. Ridge,* 445 F.3d 1057, 1060 (8th Cir.2006) *citing Gipson v. Immigration and Naturalization Service,* 284 F.3d 913, 916 (8th Cir.2002). In the present case, the parties have essentially agreed to the pertinent facts that would be proven at trial for purposes of the present motions, so it is appropriate for the Court to determine if either party is entitled to judgment as a matter of law. *W.S.A., Inc. v. Liberty Mut. Ins. Co.,* 7 F.3d 788, 790–91 (8th Cir.1993) *citing Coca–Cola Bottling Co. of St. Louis v. Teamsters Local Union No. 688,* 959 F.2d 1438, 1440 (8th Cir. 1992).

## III. Analysis

To maintain the present action, the Takkallapallis must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir.2000) *citing Presidential Gardens Assocs. v. United States,* 175 F.3d 132, 139 (2d Cir.1999). Without elaborating, the Takkallapallis allege that this Court has subject matter jurisdiction over the present action "under 28 U.S.C. Section 1331, Federal Question Jurisdiction (this action arises under the Constitution and the laws of the United States, specifi-

---

in adjudicating her Form I–130 petition because her petition is not subject to a background check. (Doc. # 24). However, the results of the check could affect the petition in that evidence from the investigation might

call into question the credibility of statements made in relation to that petition. *See, Razaq v. Poulos,* No. 06–2461, 2007 WL 61664 (N.D.Cal. Jan. 8, 2007).

cally the Immigration and Nationality Act (INA), Section 245 et seq. [8 U.S.C. Section 1255, et seq.], 5 U.S.C. Section 555 et seq., and the Fifth Amendment to the U.S. Constitution; 28 U.S.C. Section 1651, the All Writs Act, 28 U.S.C. 1346, [sic] the Federal Tort Claims Act, 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 702, the Administrative Procedure Act; 28 U.S.C. Section 1361, regarding the action to compel an officer of the United States to perform his duty; and 8 U.S.C. Section 1329, the [sic] INA for jurisdiction of this court over actions arising under said Act.)" (Compl.¶ 5). Defendants argue that none of these provisions vest this Court with jurisdiction over the Takkallapallis' mandamus claim. (Doc. # 21).

■ To the extent they can be deciphered, the jurisdictional bases the Takkallapallis assert are problematic. The INA provision on which the Takkallapallis rely, § 1329, specifically provides, in relevant part, that, "[n]othing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers." Similarly, the Declaratory Judgment Act and the All Writs Act alone do not provide an independent basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (Declaratory Judgment Act); *Public Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572 (8th Cir.2003) (Declaratory Judgment Act); *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 863 (8th Cir.2002) (All Writs Act) *citing White v. Nat'l Football League*, 41 F.3d 402, 409 (8th Cir.

1994). In addition, § 1331 does not create any substantive rights or afford jurisdiction in the absence of a waiver of sovereign immunity. *Hagemeier v. Block*, 806 F.2d 197, 202–03 (8th Cir.1986) (citations omitted). Finally, while the Federal Tort Claims Act, 28 U.S.C. § 1346, does provide an independent basis for exercising federal jurisdiction, the Takkallapallis have not made an earnest attempt to establish jurisdiction on this basis.

■ The Takkallapallis' claims of jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 555 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361, as well as their ability to avoid the bar against judicial review of discretionary decisions in § 1252(a)(2)(B) of the INA depend wholly on their claim that Defendants owe them a nondiscretionary duty to adjudicate a matter clearly committed to Defendants' discretion.[2] Section 1255 of the INA provides that the status of an alien in Dr. Takkallapalli's position "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe" if certain requirements are met.[3] Defendants argue that this grants them total discretion with respect to the Takkallapallis' filings, including the pace at which adjudication proceeds. (Doc. # 21). The Takkallapallis concede that the ultimate decision to grant or deny adjustment is discretionary, but claim the Court can order Defendants to adjudicate without interfering with the exercise of Defendants' discretion. (Doc. # 24).

---

2. Under the APA, judicial review is not available for actions "committed to agency discretion by law" and for those in which the statute at issue precludes judicial review. 5 U.S.C. § 701(a). Likewise, the Mandamus Act only applies to nondiscretionary acts. *Castillo, supra.*

3. This power has since been transferred to the Secretary of Homeland Security and his delegate in the USCIS. 6 U.S.C. §§ 271(b)(5), 557.

## A. Administrative Procedure Act

The Takkallapallis never specify where they find their proposed nondiscretionary duty to adjudicate, but appear to suggest such a duty arises from a combination of the authority to adjudicate itself and the provisions of the APA requiring agencies "to proceed to conclude a matter presented to it" within a reasonable time and requiring the courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555, 706. The Court finds it unnecessary to determine if these sections or any other legal authority creates such a duty. Even if the Court assumes that Defendants owe the Takkallapallis a nondiscretionary duty to adjudicate their petition and application in a reasonable time, the Court finds the Takkallapallis have failed to show that Defendants' conduct to this point has been so egregious as to entitle them to the drastic relief requested.

■ In determining the reasonableness of a delay, the Court must "consider whether the agency's delay is so egregious as to warrant mandamus." *Telecomm. Research and Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C.Cir.1984). This rule of reason requires the Court to examine the nature and extent of the interests prejudiced by delay, the effect of expediting delayed action on agency activities of a higher or competing priority, and any relevant timetable or other indication of the speed with which Congress expected the matter to proceed. *Id.* at 80. Other relevant factors include the extent of the delay and possible justifications for it. *Public Citizen Health Research Group v. Comm'r, Food & Drug Admin.*, 740 F.2d 21, 35 (D.C.Cir.1984).

■ In the present case, the Takkallapallis filed the petition and application at issue December 17, 2003. Congress has not set any particular time limitation for adjudicating an application, but the three years that have already passed processing Dr. Takkallapalli's name check is significantly longer than the time needed in 90% of the cases processed and well beyond the 120 days the USCIS informed the Takkallapallis the review should take. Unfortunately, in the small percentage of checks that are delayed, a wait of three years or more does not appear to be uncommon.

The nature of the Takkallapallis' affected interests is both personal and professional. The Takkallapallis report the loss of peace of mind while "[t]heir lives are in limbo," unable to enjoy the rights of citizenship. Dr. Takkallapalli also claims his professional prospects are adversely affected by his current status. However, the prejudice caused by the delay is mitigated by the fact that Dr. Takkallapalli has legal permission to stay and work in the United States while these forms are pending.

The Court must weigh the prejudice to the Takkallapallis' interests against the reasons for delay. It is possible to overstate the effects of September 11, 2001, but the increased importance of security checks to national security and public safety as well as the considerable rights of citizenship demand caution and diligence in completing background investigations. The backlog of resubmissions and the sheer volume of name checks do not entirely excuse the substantial amount of time required to process the requests in question, but they do provide sufficient justification for delay. Moreover, expediting delayed actions by a flood of court orders could have a considerable effect on activities the USCIS and the FBI have determined warrant a higher priority.

While the Court understands the Takkallapallis' frustration with a delay that has caused them justifiable consternation, the Court is unable to find Defendants have unlawfully withheld or unreasonably

delayed adjudication under the circumstances. This is not a case where Defendants have refused to consider an application presented to it or delayed without explanation. Upon receiving his application, Defendants promptly interviewed Dr. Takkallapalli and requested the required security checks from the appropriate agencies. Defendants are still awaiting the results of the FBI name check due to the large number of checks, but will be able to process the Takkallapallis' petition and application once it is received. Defendants' conduct to this point has been sufficient to avoid judicial intervention.

### B. Mandamus Act

■ Section 1361 grants the Court "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The common-law writ of mandamus, as codified in this section, is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes the plaintiff a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (citations omitted). The Court will exercise its discretion to grant such a writ only in extraordinary situations and then only if "(1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo*, 445 F.3d at 1060–61.

■ The presumption of a nondiscretionary duty to adjudicate and thus jurisdiction under the APA would seem to preclude mandamus as the APA would afford the Takkallapallis an adequate remedy. In any event, the Court is unable to find these circumstances to be so extraordinary as to justify the Court exercising its discretion to compel Defendants to adjudicate this matter.

### CONCLUSION

Based on the foregoing, the Takkallapallis' Motion for Summary Judgment is DENIED and Defendants' Cross–Motion for Summary Judgment is GRANTED. The Takkallapallis' Claim for Mandamus is dismissed without prejudice.

**IT IS SO ORDERED.**