**CLD-101**                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4001
_____

OTIS MICHAEL BRIDGEFORTH,
                                        Appellant

v.

AMERICAN EDUCATION SERVICES,
Dave ID# 13955 (Supervisor);
U.S. DEPARTMENT OF EDUCATION;
BEN GABLE; DIRECT LOANS GROUP
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-cv-00164)
District Judge: Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011

Before: RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 14, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM

        In the District Court, Otis Michael Bridgeforth, proceeding *pro se* and *in forma*

*pauperis*, filed two complaints that were consolidated. He sued American Education Services ("AES") and its representative, Dave ID #13955 ("Dave"), as well as the United States Department of Education ("DOE"), Direct Loans Group ("DLG"), and Ben Gable, a DOE or DLG representative. He claimed that the defendants discriminated against him on the basis of race and violated his right to due process of law by placing his deferred student loans into default without notifying him while he was in prison. He also alleged that Dave screamed at him and used a racial epithet during a phone call. Bridgeforth explained that the default status of his loans was preventing him from receiving funds to continue his education.

Bridgeforth also claimed that he did not violate the promissory note or become delinquent in repayment; he stated that he never had a repayment schedule. To prove his point, he attached a print-out of his account summary from the federal government's website for direct loan servicing. The print-out stated that no payment was due, but it also described Bridgeforth's loan status as "in default" and noted that his loans had been transferred to the DOE's Debt Collection Service.

The District Court liberally construed the complaint to raise claims of due process, race discrimination, and breach of contract. Pursuant to 28 U.S.C. § 1915(e)(2), the District Court dismissed the due process claim as frivolous and the other claims for failure to state a claim upon which relief can be granted. The District Court set forth the elements of a state law contract claim and a race discrimination claim under 42 U.S.C. §

2

1981, and gave Bridgeforth leave to amend his complaint to meet the pleading requirements for these two types of claims.

Bridgeforth subsequently filed an amended complaint in which he sued AES, Dave, DOE, and Gable. He stated that the DOE violated his right to due process and breached a contract by changing the status of his student loans from deferred to in default. He alleged that the DOE had not tried to collect a debt from him and that he was not in default. He also claimed that the DOE, by not keeping his loans in deferred status, deprived him of his protected interest in receiving federal funds to continue his education. Bridgeforth also contended that AES and Dave were liable for breach of contract and race discrimination. In relation to the breach of contract claim, Bridgeforth referred to an "MPN" whose "terms . . . specify that [he] has a stated claim." In relation to the race discrimination claim, Bridgeforth stated that he is African American and repeated that Dave used a racial slur. He also stated generally that Dave violated his rights to enforce the promissory note issued by AES.

The District Court dismissed the amended complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and further noted that Bridgeforth failed to state a federal statutory claim. The District Court declined to consider the due process claim, as Bridgeforth had not been granted leave to amend it. The District Court also held that further amendment would be futile. Bridgeforth filed a notice of appeal, specifying that he wished to appeal from the order dismissing his amended complaint.

3

We have jurisdiction over his appeal under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Bridgeforth's claims. See Allah v. Seiverling, 229 F. 3d 220, 223 (3d Cir. 2000); Lum v. Bank of Am., 361 F. 3d 217, 223 (3d Cir. 2004). We review the denial of leave to amend for abuse of discretion. See Lum, 361 F. 3d at 223. On review, we will dismiss Bridgeforth's appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Despite being given the opportunity to do so by the District Court, Bridgeforth did not correct the pleading deficiencies in his consolidated complaint. He generally alleged "race discrimination." Section 1981 prohibits race discrimination in making and enforcing contracts. See Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001). To state a claim under § 1981, a plaintiff must allege that he or she is a member of a racial minority, that the defendant had the intent to discriminate on the basis of race, and the discrimination concerned one or more of the activities enumerated in the statute, which includes the right to make or enforce contracts. Id. at 797 (citations omitted). Essentially, Bridgeforth claimed that Dave used a racial slur in speaking to him on the telephone. Such an act is offensive, but standing alone it does not state a claim under § 1981. In his amendment, Bridgeforth also stated generally that Dave violated his right to enforce a promissory note. However, merely reciting an element of a cause of action or making a bare conclusory statement is insufficient to state a claim. See Ashcroft v. Iqbal,

4

129 S. Ct. 1937, 1949 (U.S. 2009).

Bridgeforth also did not state a claim for a due process violation; as the District Court concluded, the claim was frivolous. Bridgeforth did not specify the District Court's first decision in his notice on appeal, but we will consider the designated final order as bringing up the earlier order for our review at this pre-briefing stage. See, e.g., Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). To state a procedural due process claim, a plaintiff must plead a deprivation of a protected interest without the process that was due. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982). Bridgeforth seems to allege that he had a protected interest in his loans' not going into default (which prevents him from receiving further federal financial aid for his education). "The hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" Logan, 455 U.S. at 430. Bridgeforth provided no information about the source of any right to his loans' not going into default, and none is apparent to us. Also, he does not have a property interest in receiving additional federal grants or loans. See Dejournett v. Block, 799 F.2d 430, 431-32 (8th Cir. 1985). The District Court did not abuse its discretion in denying leave to amend this claim on the basis of futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). Because the District Court's first decision on the due process claim withstands review, the District Court did not err in declining to consider the due process claim when Bridgeforth attempted to present it again in his amended complaint.

5

Lastly, Bridgeforth did not state a claim for breach of contract. In relation to the breach of contract claim, in his amended complaint, Bridgeforth merely alluded to an "MPN" whose "terms . . . specify that [he] has a stated claim." As the District Court explained in its first opinion in this case, it is unclear where Bridgeforth entered into the contract for his student loans. In any event, whether he sought to proceed under Pennsylvania law (because the contract is with AES, a division of the Pennsylvania Higher Education Assistance Agency) or another state's law, the allegations are insufficient to state a claim for breach of contract. See, e.g., Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (describing a cause of action for breach of contract under Pennsylvania law); VLIW Tech., L.L.C. v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003) (describing a less demanding pleading standard for breach of contract under Delaware law). Also, the District Court did not abuse its discretion in declining to allow a second amendment for this or Bridgeforth's other claims. See Grayson, 293 F.3d at 112-14.

For these reasons, there is no merit to Bridgeforth's appeal from the District Court's judgment. Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

6