# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1103

_____

Jeremy W. Floyd

*Plaintiff - Appellant*

v.

U.S. Marshals, on Duty of Day of Incident: Listed as John Doe 1 thru 7. Until Discovery Reveals their Identity.; Kathy Hollenbeck

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: August 21, 2012
Filed: September 11, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Jeremy Floyd challenges the district court's with-prejudice dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), of his pro se complaint. Floyd claimed that defendants, all federal employees, deprived him of his personal property, in violation of his Fifth Amendment due process rights,

when he was directed to turn over his personal property to defendant Kathy Hollenbeck upon his arrest, and certain jewelry that he relinquished was never returned to him or his family. He requested return of his property or damages.

After careful review, see Carlson v. Wiggins, 675 F.3d 1134, 1138 (8th Cir. 2012); Great Rivers Habitat Alliance v. FEMA, 615 F.3d 985, 988 (8th Cir. 2010), we agree with the district court that, because Floyd sued defendants in their official capacities only, sovereign immunity bars his claims for damages, see Baker v. Chisom, 501 F.3d 920, 923, 925 (8th Cir. 2007) (if complaint is silent as to capacity in which defendants are sued, court interprets complaint as including only official-capacity claims); Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986) (sovereign immunity bars claims against federal officials in their official capacities unless immunity is waived).

However, liberally construed, we believe that the complaint successfully alleged a claim under Federal Rule of Criminal Procedure 41(g), which allows a person aggrieved by deprivation of property to move for the property's return, so long as that person is entitled to lawful possession of the property. See Whitson v. Stone Cnty. Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (courts must construe pro se complaints liberally); Jackson v. United States, 526 F.3d 394, 396-97 (8th Cir. 2008) (to succeed on Rule 41(g) motion, movant must show lawful possession, which is often satisfied by showing property was seized from movant's possession); cf. United States v. Machado, 465 F.3d 1301, 1307 (11th Cir. 2006) (when property owner invokes Rule 41(g) after close of all criminal proceedings, court treats motion for return of property as civil action in equity).

Therefore, we reverse in part and remand for further consideration of Floyd's Rule 41(g) motion for return of his property. In all other respects, we affirm.

_____